IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| STRICTLY F/X L.L.C., | ) |
| Plaintiff, | ) 2:20-CV-00201-CRE |
| vs. | ) |
| PYROTECHNICO F/X, L.L.C., | ) |
| Defendant, | ) |

**MEMORANDUM ORDER**

AND NOW, this 3rd day of June, 2020,

Upon consideration of Plaintiff's motion for leave to file documents under seal (ECF No. 77), it is HEREBY ORDERED that Plaintiff's motion is granted in part and denied in part without prejudice to reassert consistent with this Order.  Plaintiff seeks to submit exhibits in support of its motion for preliminary injunction under seal for this court's consideration.  Among those exhibits, Plaintiff seeks to have files found on Defendant's external hard drives, Plaintiff's work proposals to third parties, alleged trade secrets emailed by Plaintiff's former employee to Defendant, invoices, deposition excerpts, text messages, Defendant's employment agreement between it and Plaintiff's former employee, Defendant's onboarding guidelines, and various emails filed under seal.

"The public right of access to judicial proceedings and records is integral and essential to the integrity of the judiciary." *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 557 (W.D. Pa. 2014).  The public right of access "applies to all aspects of the judicial process where substantive determinations are made." *Id*. at 558 (citations omitted).  This presumption includes public access to preliminary injunction hearings and transcripts of such hearings in civil lawsuits. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).  A "party

seeking the closure of a hearing or the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' " *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir.1994)). Where as here, a party seeks to protect from disclosure trade secrets, the party must show that disclosure would create a sufficient threat of irreparable harm. *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157,166 (3d Cir. 1993); *Publicker Indus.*, 733 F.2d at 1071. Non-trade secret, confidential business information may be protected where it is shown that the disclosure of such information might harm its competitive standing. *Id*. However, " 'non-trade secret but confidential business information is not entitled to the same level of protection from disclosure as trade secret information.' " *Id*. at 561 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988)).

The court agrees with Plaintiff that Exhibits 15, 17, 23, 24, 25, 27 and 28 which are comprised of files found on Defendant's external hard drives, Plaintiff's work proposals to third parties, alleged trade secrets emailed by Plaintiff's former employee to Defendant and invoices may constitute trade secrets and confidential business information and Plaintiff's motion to file those exhibits under seal in connection with the preliminary injunction is granted. The court will defer ruling as to whether this seal is permanent or whether the court will allow Plaintiff to file such documents under seal in the future.

As for the deposition excerpts, text messages, Defendant's employment agreement between it and Plaintiff's former employee, Defendant's onboarding guidelines, and various emails, the court finds that Plaintiff has not met its burden of proving that the entirety of these exhibits contain trade secrets or business information deserving of protection from disclosure. To

the extent these exhibits are integral to the court's forthcoming findings of fact and to the extent the information contained in the exhibits cannot be generalized, the court declines to support its findings with documents filed under seal, as doing so would be against the public's right of access to the courts.  Therefore, Plaintiff's motion to file Plaintiff's Exhibits 3, 6, 7, 8, 11, 12, 14, 19, 20, 21, 22, and 26 is denied without prejudice.  As it is the court's understanding that these exhibits were designated to be filed under seal by Defendant, it is HEREBY ORDERED that the parties may jointly redact and file a joint motion to file under seal only those portions of those exhibits that are relevant to the preliminary injunction hearing and implicate trade secrets or the disclosure of which would harm either parties' competitive standing.  The joint renewed motion, if any, is due by June 5, 2020 at 4:00 PM.

So ordered.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge