IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRICTLY F/X L.L.C., | ) |
| Plaintiff, | ) 2:20-CV-00201-CCW |
| vs. | ) |
| PYROTECHNICO F/X, L.L.C., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Strictly F/X L.L.C.'s ("Strictly") Motion to Amend Complaint and to Add Additional Defendant. ECF No. 133. Having considered Strictly's Motion, its brief in support, ECF No. 134, and the response filed by Defendant Pyrotecnico F/X, L.L.C ("Pyrotechnico"), ECF No. 136, the Motion is ripe for disposition.

### I. Background

Strictly initiated this action by filing a complaint on February 7, 2020. ECF No. 1. On February 27, 2020, Strictly filed an amended complaint. ECF No. 29. In the 11 months since Strictly commenced this action, the parties engaged in limited discovery related to a motion for preliminary injunction filed by Strictly, ECF No. 2, which was resolved by an "Agreed Preliminary Injunction Order" on June 16, 2020. ECF No. 107. The case was transferred to the undersigned on October 23, 2020, ECF No. 123, and the parties participated in a case management conference after which the Court issued the operative Case Management Order, ECF No. 128 *as amended by* ECF No. 130. Pursuant to the Case Management Order, the deadline for the parties to amend the pleadings or add new parties was January 4, 2021.

Strictly now seeks to file an amended complaint, adding Mr. Ronald Bleggi ("Mr. Bleggi") as a defendant and including two claims against him, under Federal Rule of Civil Procedure 15(a)(2). ECF Nos. 133, 134. Under the Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Strictly did not obtain Pyrotecnico's consent to amend its pleading.

**II.     Discussion**

"Generally, Rule 15 motions should be granted," *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016), and such motions "should be granted 'when justice so requires.'" *CMR D.N. Corp & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v. NCAA*, 252 F.3d 267, 272-73 (3d Cr. 2001). "Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Estate of Oliva v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010) (citing *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008)).

Although Pyrotecnico "does not take a position with respect to the Motion," ECF No. 136 at 1, it notes that the claims Strictly seeks to add as to Mr. Bleggi "could have been included in the original complaint. They do not differ in style or substance from the claims originally alleged." *Id.* at 2. Nor does Pyrotecnico argue that the Motion is motivated by bad faith, noting only that "Strictly F/X's strategy in delaying adding Mr. Bleggi for nearly a year is difficult to comprehend." *Id.* Furthermore, Pyrotecnico does not argue that it would be prejudiced by Strictly's proposed amendment, but does point out that mediation and discovery deadlines would need to be adjusted

to permit Mr. Bleggi to meaningfully participate in the mediation and respond to the amended complaint before the close of discovery.

Courts may also deny motions to amend on the basis of undue delay. "There is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.' However, a period of eleven months from commencement of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be presumptively unreasonable." *Arthur v. Maersk, Inc.,* 434 F.3d 196, 205 (3d Cir. 2006) (citations omitted). Furthermore, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay…In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273.

Although Strictly could have included its claims against Bleggi in the original Complaint, Strictly's Motion complies with the deadline for motions to amend the pleadings or add new parties set out in the operative CMO, ECF No. 128 at ¶¶ 3-4, and does not prejudice the opposing party.

Accordingly, the Court will grant Strictly's Motion.

### III.  Conclusion

For the reasons set forth above, Plaintiff Strictly F/X L.L.C.'s Motion to Amend Complaint and to Add Additional Defendant is hereby GRANTED. Plaintiff shall file its Second Amended Complaint on or before January 11, 2021.

IT IS FURTHER ORDERED that all deadlines set forth in the operative Case Management Order, ECF No. 128 *as amended* ECF No. 130, are hereby VACATED. New deadlines will be set once Mr. Bleggi has answered the Second Amended Complaint and/or any motion to dismiss filed by Mr. Bleggi has been resolved.

DATED this 8th day of January, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record