IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRICTLY F/X L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PYROTECNICO F/X, L.L.C. and RONALD )<br>BLEGGI, )<br>)<br>Defendants. ) | 2:20-CV-00201-CCW |

## MEMORANDUM OPINION AND ORDER

Before the Court are disputes regarding certain discovery matters. In accordance with the Court's Practices & Procedures, the parties brought these disputes to the Court's attention on May 27, 2021. The Court scheduled a teleconference regarding the discovery disputes and directed the parties to submit letters to the Court that (1) described the disputes and (2) set forth the party's requested resolution. *See* ECF No. 155. On June 2, 2021, the Court held the teleconference on the record and heard argument from the parties on the disputes. *See* ECF No. 156. At the conclusion of the teleconference, the Court took the matters under advisement. Having considered the issues and reached a decision as to each, this Order follows.

**I.      Background**

Because we write primarily for the parties, a brief overview of the relevant factual allegations and procedural history will suffice.

This case concerns the alleged misappropriation of trade secrets. According to Plaintiff Strictly F/X LLC's Second Amended Complaint, Strictly and Defendant Pyrotecnico F/X, LLC are direct competitors in the live special effects industry, designing and providing the fireworks,

pyrotechnics, smoke, lasers, etc., which accompany performances by major popular music artists, professional sports events, and the like. *See* ECF No. 138. In 2019, Strictly terminated the employment of Defendant Ronald Bleggi, a long-time special effects designer for Strictly. *See id.* at ¶¶ 45–49. Shortly thereafter, Mr. Bleggi began working for Pyrotecnico. *See id.* at ¶ 50. According to Strictly, Mr. Bleggi and Pyrotecnico used Strictly's confidential and trade secret information to aid Pyrotecnico in luring business away from Strictly and in violation of the Defend Trade Secrets Act and the Pennsylvania Uniform Trade Secrets Act. *See, e.g., id.* at ¶¶ 81–92 & 105–109. Furthermore, Strictly contends that the alleged conduct violated and/or interfered with certain non-disclosure and non-competition agreements Mr. Bleggi has with Strictly. *See id.* at ¶¶ 93–104 & 110–125.

Strictly filed its original Complaint in this case, which named only Pyrotecnico as a defendant, on February 7, 2020. *See* ECF No. 1. Pursuant to an agreement between Strictly and Pyrotecnico to resolve Strictly's Motion for Preliminary Injunction, ECF No. 2, then-presiding Magistrate Judge Cynthia Reed Eddy entered the parties' Agreed Preliminary Injunction Order, ECF No. 107, which, in relevant part, provided for a neutral third-party expert to examine certain of Pyrotecnico's and Mr. Bleggi's electronic devices for Strictly's confidential information, return any such information to Strictly, and to delete any such information from the devices. *See id.* On October 23, 2020, this case was transferred to the undersigned. *See* ECF No. 123. Strictly filed its Second Amended Complaint, adding Mr. Bleggi as a defendant, on January 11, 2021. *See* ECF No. 138. Under the operative Third Case Management Order, *see* ECF No. 153, fact discovery is set to close on June 18, 2021.

## II.  Discussion

The present dispute involves two categories of requested production. First, Strictly seeks the production of the forensic images of the MacBook laptop Pyrotecnico issued to Mr. Bleggi and of Mr. Bleggi's personal external hard drive. According to the parties, these forensic images were made in the course of the neutral expert's analysis related to the preliminary injunction order. Second, Strictly seeks from Pyrotecnico the production of communications and documents created or received by Pyrotecnico from November 4, 2019 (Mr. Bleggi's termination date) to the present relating to Pyrotecnico's work for five of Strictly's clients—the Grammy's, the NFL, the 2021 Superbowl, Wob Roberts, and the Chainsmokers.

### A.  The Forensic Image Dispute

According to Strictly, it has retained its own testifying expert to examine the forensic images, in particular files identified previously as containing Strictly's confidential information and so-called "system-level" data, to ascertain facts such as (1) when certain files were created, modified, or transferred; (2) when the devices were connected to other devices, such as portable storage devices; and (3) when certain Dropbox or other cloud-based storage sites were accessed. Strictly maintains that this information is relevant to its claim that Pyrotecnico and Mr. Bleggi surreptitiously obtained Strictly's confidential information, including certain trade secrets, and used that information to obtain client engagements, to Strictly's detriment.

Pyrotecnico and Mr. Bleggi object to producing the forensic images. According to the Defendants, these devices have already undergone extensive forensic examination in conjunction with the preliminary injunction order, and during that time, Strictly declined to pursue the line of analysis it now proposes. Defendants further contend that Strictly seeking to conduct this examination now—towards the end of the fact discovery period—places an undue burden on

Defendants, as it now may be necessary for them to retain their own expert witnesses on short notice. Finally, Pyrotecnico has raised concerns related to protection of attorney-client privileged or attorney work product information that may potentially be located within the forensic images.

### B. The Client Document/Communication Dispute

With respect to Strictly's request for client documents and communications, Strictly contends that discovery of these items is relevant to its claims that Pyrotecnico, with Mr. Bleggi's assistance, used Strictly's confidential information and trade secrets to wrongfully obtain client engagements and develop designs at Strictly's expense.

Pyrotecnico objects to producing these materials because its engagements with three of the named clients pre-date Mr. Bleggi's employment with Pyrotecnico and because Pyrotecnico's business with the remaining two clients was obtained without Mr. Bleggi's involvement. Thus, according to Pyrotecnico, Strictly's request is outside the scope of discovery because it will not produce information relevant to any claim or defense. In further support, Pyrotecnico points out that Strictly's Second Amended Complaint is focused on other clients.

### C. Analysis

"It is well established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion." *Sears v. Mooney*, No. 1:17-cv-00050, 2018 U.S. Dist. LEXIS 63006, at *6 (M.D. Pa. Apr. 12, 2018) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion.")). Indeed, the Third Circuit Court of Appeals has "long held that 'matters of docket control and conduct of discovery are committed to the sound discretion of the district court.'" *Reisinger v. City of Wilkes-Barre*, 520 Fed.Appx. 77, 80 (3d Cir. 2013).

Federal Rule of Civil Procedure 26(b) generally provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  That said, discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Furthermore, "the court must limit the frequency or extent of discovery…if it determines that" the discovery sought is "unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or the "proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.26(b)(2)(C).

The Court concludes that the forensic images should be produced.  Three main considerations underlie this determination.  First, it appears to the Court that the information Strictly hopes to glean from its expert's analysis of the forensic images of the laptop and hard drive is relevant to proving its claims and within the scope permitted by Rule 26(b)(1).  That is, for example, information about when certain files or documents were accessed and where they were stored or transferred, is relevant to Strictly's claim that Mr. Bleggi and Pyrotecnico not only possessed Strictly's information but used it to Strictly's detriment.  Second, the Court's understanding is that the analysis performed by the neutral expert in connection with the preliminary injunction order was remedial in nature—i.e. aimed at identifying documents or other files in Pyrotecnico's or Mr. Bleggi's possession that contained Strictly's trade secrets or confidential information, deleting those documents or files from Pyrotecnico's and Mr. Bleggi's

5

devices, and returning the information to Strictly—and did not delve into the system-level data and metadata which would show the extent to which such files were accessed, the timing of that access, and whether those files were transferred or shared. Thus, the discovery sought is not unreasonably cumulative or duplicative. Third, while the parties used a neutral expert to conduct the preliminary injunction-related forensic analysis, Strictly is entitled to retain and use its own expert for the purposes of trial and Strictly's expert has not yet had the opportunity to examine the forensic images. Finally, the Court is satisfied that in light of the proposed forensic analysis protocols the parties have agreed to and have made available for the Court's review, Strictly's proposed examination of the forensic images is sufficiently tailored to the needs of the case, is suitably focused on documents or files already identified as containing Strictly's information and already identified as not containing privileged information. Accordingly, the Court will require production of the requested forensic images.

On the other hand, the Court will deny Strictly's request that Pyrotecnico produce communications and documents relating to Pyrotecnico's work for the Grammy's, the NFL, the 2021 Superbowl, Wob Roberts, and the Chainsmokers. The Second Amended Complaint is devoid of allegations regarding misappropriation of Strictly's confidential information or trade secrets with respect to these five clients, with one possible exception—there is a passing reference to information related to the Super Bowl (but not the 2021 Superbowl) having been found on Mr. Bleggi's Pyrotecnico-issued laptop. *See* ECF No. 138 at ¶ 58. That information was sequestered and returned to Strictly under the agreed-upon preliminary injunction order. Because Strictly's Second Amended Complaint was filed months after the preliminary injunction forensic analysis was completed, Strictly had sufficient knowledge of the scope of its information in Mr. Bleggi's or Pyrotecnico's possession to be able to plausibly allege claims related to the five clients at issue

here. It did not. *See Trask v. Olin Corp.,* 298 F.R.D. 244, 258 (W.D. Pa. 2014) ("The scope of fact discovery turns largely on the initial pleadings."). Furthermore, counsel for Mr. Bleggi and Pyrotecnico both represented that Mr. Bleggi was not involved in soliciting Pyrotecnico's engagements with any of the subject clients, some of which pre-dated Mr. Bleggi's employment with Pyrotecnico. Thus, we conclude that the requested client documents and communications are outside the scope of discovery permitted by Rule 26(b)(1).

### III. Conclusion

For the foregoing reasons it is hereby ORDERED that, on or before **June 8, 2021**, the forensic images of the MacBook laptop issued by Pyrotecnico to Mr. Bleggi and of Mr. Bleggi's personal external hard drive shall be produced to Strictly's expert for examination in accordance with the draft protocols provided to the Court by the parties (with the understanding that such protocols were not final and may be subject to mutually agreeable revisions).

It is further ORDERED that Pyrotecnico is not required to produce documents and communications related to the Grammys, the NFL, the 2021 Superbowl, Wob Roberts, and Chainsmokers.

DATED this 4th day of June, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record